No. 12,047.

Mongone, et al. *v.* The People.

Decided October 29, 1928.

Mr. Lewis D. Mowry, for plaintiffs in error.

Mr. William L. Boatright, Attorney General, Mr. William W. Gaunt, Assistant, for the people.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Proceeding under chapter 136, C. L. 1921, which is an act concerning nuisances, the district attorney filed this action in equity to abate and prevent, and perpetually to enjoin, the defendants Emma Gaskins and Lena Mongone, owners, and Mike Mongone, tenant, of a building, from conducting or maintaining a nuisance therein. Upon final hearing the court found that a nuisance had been conducted and maintained therein. At the time the action was brought the defendant Gaskins was living in the state of California and was not served with notice or process, and did not appear in the action either in person or by attorney and no service by publication was made or attempted. The two Mongones have sued out this writ of error for a review of the judgment of abatement as against them; and Emma Gaskins, one of the owners of the building, by a separate writ of error is also here on error for the purpose of reviewing the judgment in so far as it affects her as owner. We are now concerned only with the judgment against the Mongones.

Certain objections that were made at the outset to the ruling of the trial court as to the sufficiency of the complaint, taken by motion and special demurrer, are not before us for review, as they were waived by answering over. The complaint is not defective. It well pleads a good cause of action in equity for the abatement of a nuisance. Objection is made also to the granting of a temporary writ of injunction. Whether or not error was committed in that respect is of no consequence, at this time, if the final decree of abatement as to the Mongones was proper, as we think it was. We have examined this record and find the evidence abundantly sufficient to sustain the allegation of the complaint of the existence and maintenance of a nuisance on the premises.

The point that the premises were not sufficiently identified by the evidence is not tenable. While the complaint describes the premises by lots and block, there was no direct evidence that the land itself upon which the building stood and in which the nuisance was maintained, corresponded with the legal description; but the location was pointed out as the southwest corner of two certain streets and it was thus sufficiently identified as the premises described in the complaint. This statute has been held a valid statute by us in *Gregg v. People,* 65 Colo. 390, 176 Pac. 483. Proof being sufficient to sustain the allegation as to a nuisance conducted and maintained by the Mongones, the injunction order of abatement was properly rendered as to them and the decree so declaring is therefore affirmed.